IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
Case No. 5:20-cv-00239-M

| | | |
|---|---|---|
| GAEGE ROOT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **OPINION** |
| | ) | **AND ORDER** |
| TONY ROBINSON, TONY THE CLOSER | ) | |
| LLC, and I CLOSE DEALS LLC, | ) | |
| | ) | |
| Defendants. | ) | |

This matter comes before the court on Defendants Tony Robinson, Tony the Closer LLC ("TTC"), and I Close Deals LLC's ("ICD") motion to dismiss Plaintiff Gaege Root's complaint or, in the alternative, to compel arbitration, filed August 13, 2020. [DE-13] Within its January 12, 2021 order, the court: (1) directed the parties to undertake limited discovery relevant to Defendants' motion to compel arbitration; (2) set Defendants' motion to compel for hearing; and (3) held Defendants' motion to dismiss in abeyance pending resolution of the motion to compel. [DE-25] The court held a hearing on the motion to compel on June 22, 2021, and this order follows.

The relevant background was set forth fully within the court's January 12, 2021 order. [DE-25] That order also described that that the burden is on the party moving to compel arbitration to prove a written agreement to arbitrate, *Adkins v. Labor Ready, Inc.*, 303 F.3d 496, 500–01 (4th Cir. 2002), here, as the parties agree, under North Carolina law. [*see* DE-25 at 5–6] Under North Carolina law, a party seeking to prove the formation of an arbitration agreement must prove by a preponderance of the evidence that the parties "'assent[ed] to the same thing in the same sense, and [that] their minds me[t] as to all terms.'" *Rowland v. Sandy Morris Fin. & Estate Planning Servs., LLC*, 993 F.3d 253, 258 (4th Cir. 2021) (quoting

1

*Normile v. Miller*, 313 N.C. 98, 103, 326 S.E.2d 11, 15 (1985)); *Neal v. Pender-Hyman Hardware Co.*, 122 N.C. 104, 106, 29 S.E. 96, 96 (1898) (finding no error and affirming lower court that charged jury in contract dispute "that the plaintiff must prove, by preponderance of evidence, the contract"); *see also United Steelworkers of Am. v. Warrior & Gulf Navigation Co.*, 363 U.S. 574, 582 (1960) ("arbitration is a matter of contract and a party cannot be required to submit to arbitration any dispute which he has not agreed so to submit"); *Park v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 159 N.C. App. 120, 123, 582 S.E.2d 375, 378 (2003) ("The enforceability of agreements to arbitrate is governed by the rules applicable to contracts. It must be established that the arbitration clause was consented to by the parties." (internal quotation marks, brackets, and citations omitted)).

Defendants' motion to compel arbitration is based upon Defendants' contention that Plaintiff agreed to be bound by the Official Rules of the Sweepstakes by participating in the Sweepstakes.[1] [*see* DE-14 at 5 (arguing that Plaintiff's claims should be sent to arbitration "because [the claims are] subject to the mandatory arbitration provision in the Official Rules"); DE-13-1 (Robinson's affidavit attesting that: (1) the Official Rules "governed" the Sweepstakes; and (2) the Official Rules were "available to all visitors of" websites www.100kclubconference.com and www.itsourturn.com prior to the Conference)] At the hearing on their motion to compel, Defendants offered two pieces of evidence in support of that theory: (1) Robinson's testimony that the Official Rules were made available to all Sweepstakes participants through an unspecified website and an unspecified "app" through which Conference participants

---

[1] Defendants appear to have abandoned their arguments concerning the Affidavit, as that document was neither introduced as an exhibit nor meaningfully discussed at the June 22, 2021 hearing. In any event, as the court noted within its January 12, 2021 order, the Affidavit could not have bound Plaintiff to arbitration concerning the Sweepstakes (or otherwise modified the terms of the Sweepstakes) since it was executed after the Sweepstakes was completed and was not supported by additional consideration. [*see* DE-25 at 7 (citing *NRC Golf Course, LLC v. JMR Golf, LLC*, 222 N.C. App. 492, 503–04, 731 S.E.2d 474, 481 (2012) (applying North Carolina's pre-existing duty rule))]

2

communicated; and (2) a document purporting to be the Official Rules themselves, which contain, *inter alia*: (1) a statement that "PARTICIPATION IN THE SWEEPSTAKES CONSTITUTES YOUR AGREEMENT TO BE BOUND BY THESE OFFICIAL RULES"; (2) an arbitration provision; and (3) certain liability releases. [DE-30-2 at 10–14 (Def. Ex. 3)]

But Defendants offered no evidence at the hearing tending to corroborate Robinson's testimony that the Official Rules were ever made available to anyone, let alone that Plaintiff was made aware of them, saw them, or agreed to them. Plaintiff provided testimony that directly contradicts Robinson's by testifying that he never saw the Official Rules before this litigation and that he never agreed to arbitrate anything. [*see* DE-16-1 (Plaintiff's affidavit attesting that: (1) he never saw the Official Rules prior to this litigation; and (2) he never agreed to arbitrate anything or release any claims against Defendants)] Further, although Defendants' theory is that Plaintiff must have encountered the Official Rules through a website or an application: (1) Defendants neither introduced any documentary evidence regarding the version of the website or the application on which they seek to rely nor demonstrated where they made the Official Rules available thereupon to visitors or users; and (2) Plaintiff put the existing version of www.100kconference.com into evidence on cross-examination [DE-30-1 at 6 (Pl.'s Ex. 3)] and Robinson (a) testified that it appeared to be the relevant website, (b) stated that the site appeared to have been "doctored[,]" and (c) could not point to where the Official Rules had previously been made available on the site.

While the court's independent research indicates that "[a] casual Internet browser might enter a contract with a company merely by using its website[,]" *Rowland*, 993 F.3d at 260 (citing *Nguyen v. Barnes & Noble, Inc.*, 763 F.3d 1171, 1175–76 (9th Cir. 2014) (discussing so-called "browsewrap" agreements)), the court is not aware of any court that has enforced a contract against the user of a website where the site did not "put[] a reasonably prudent user on inquiry notice of the terms of the contract[,]" *Nguyen*, 763 F.3d

3

at 1177. And as described above, Defendants have not provided any evidence that Plaintiff: (1) visited the websites upon which the Official Rules were allegedly made available; or (2) was aware of, saw, or agreed to the Official Rules on the sites or elsewhere. Rather, beyond Robinson's own testimony, Defendants have introduced no evidence that the Official Rules were ever made available to anyone, anywhere, at any time. Defendants have failed to introduce such evidence despite the court's providing the benefit of time and the subpoena power for Defendants to conduct discovery regarding the question of whether Plaintiff was made aware of the Official Rules. [*see* DE-25 (directing the parties to "undertake limited discovery regarding: (1) when, where, and how Plaintiff purchased his ticket; and (2) whether Plaintiff was aware of, saw, or agreed to the Official Rules before the Conference took place")] This is fatal to Defendants' motion to compel.

In sum, because of: (1) the limited probative value of Robinson's self-serving testimony that the Official Rules were publicly available; (2) Plaintiff's testimony that he never saw the Official Rules prior to this litigation; and (3) the evidence introduced by Plaintiff demonstrating that the current version of the website mentions neither Official Rules nor arbitration [*see* DE-30-1 at 6 (Pl.'s Ex. 3)], the court concludes that Defendants have failed to establish that a reasonably prudent user of the website would have been on inquiry notice of the Official Rules, or that Plaintiff was aware of, saw, or agreed to be bound by the arbitration provision otherwise. The court accordingly concludes that Defendants have failed to carry their burden of proving a written agreement to arbitrate under North Carolina law, and DENIES Defendant's motion to compel arbitration under the FAA.

The court's conclusion that Defendants have failed to prove that Plaintiff was aware of, saw, or agreed to be bound by the Official Rules also drives the court's adjudication of Defendants' motion to dismiss. As mentioned within the January 12, 2021 order, Defendants' motion to dismiss does not make arguments regarding the substantive adequacy of Plaintiff's claims, but instead exclusively argues that the

4

liability releases within the Official Rules preclude this litigation. [*see* DE-14 at 5 ("This case should be dismissed under Rule 12(b)(6) because it is barred by the liability release provisions in the Affidavit of Eligibility and Release[2] and the Official Rules of the Promotion")]

The Fourth Circuit has said:

> Generally, when a defendant moves to dismiss a complaint under Rule 12(b)(6), courts are limited to considering the sufficiency of allegations set forth in the complaint and the documents attached or incorporated into the complaint. Consideration of extrinsic documents by a court during the pleading stage of litigation improperly converts the motion to dismiss into a motion for summary judgment. This conversion is not appropriate when the parties have not had an opportunity to conduct reasonable discovery.
>
> Courts therefore should focus their inquiry on the sufficiency of the facts relied upon by the plaintiffs in the complaint. Consideration of a document attached to a motion to dismiss ordinarily is permitted only when the document is integral to and explicitly relied on in the complaint, and when the plaintiffs do not challenge the document's authenticity.

*Zak v. Chelsea Therapeutics Int'l, Ltd.*, 780 F.3d 597, 606–07 (4th Cir. 2015) (internal quotation marks and citations omitted). The Official Rules (and the releases contained therein) were not attached to, incorporated into, or explicitly relied upon by Plaintiff within his complaint. [*see generally* DE-1] Rather, Defendants attached the Official Rules to their motion to dismiss [DE-13-1], and Plaintiff has contested Defendants' motion to dismiss by arguing that he never saw the Official Rules prior to winning the Sweepstakes [DE-16-1]. Consideration of the Official Rules and their releases at this early juncture would therefore generally be inappropriate. *Zak, supra*.

However, because: (1) Defendants also moved to compel arbitration based upon the Official Rules; and (2) the court specifically directed the parties to undertake discovery regarding the Official Rules and whether Plaintiff was aware of, saw, or agreed to be bound by them [*see* DE-25 (directing the parties to

---

[2] *See supra* note 1.

5

"undertake limited discovery regarding: (1) when, where, and how Plaintiff purchased his ticket; and (2) whether Plaintiff was aware of, saw, or agreed to the Official Rules before the Conference took place")], conversion of Defendants' motion to a Rule 56 motion is appropriate. *Id.*; Fed. R. Civ. P. 12(d). And the court's conclusion that Defendants have failed to prove that Plaintiff agreed to the Official Rules by a preponderance of the evidence for purposes of their motion to compel arbitration means, *a fortiori*, that Defendants have failed to "show[] that there is no genuine dispute as to [Plaintiff's agreement to be bound by the Official Rules] and [that Defendants are] entitled to judgment as a matter of law" on Plaintiff's claims as a result. Fed. R. Civ. P. 56(a). Defendants' effective motion for summary judgment is accordingly DENIED.[3]

SO ORDERED this the 23d day of June, 2020.

Richard E Myers II
RICHARD E. MYERS II
CHIEF UNITED STATES DISTRICT JUDGE

---

[3] Curiously, at the hearing on their motion to compel arbitration, Defendants argued that Plaintiff never provided consideration sufficient to participate in the Sweepstakes in the first place, since Plaintiff bought his ticket to attend the Conference before the Sweepstakes was announced. This new argument directly contradicts the Official Rules-based arguments that Defendants made within their motion to dismiss or to compel arbitration: unless Plaintiff participated in the Sweepstakes, he could not be bound by the Sweepstakes's purported Official Rules, including the arbitration provision and liability releases therein.

While the court understands why Defendants might ultimately want to make consideration-based arguments, the court will not address Defendants' new argument at this stage, since Defendants have not provided briefing on the argument or any legal authorities in support. *See* Local Civil Rules 7.1(b)(1) & 7.2(a)(3) (motions "shall state precisely the relief requested" and memoranda in support or opposition "shall contain . . . appropriate citations" to authority). Further, the court notes that even were Defendants' new argument borne out by the facts and law at trial, Plaintiff has brought claims that do not require Plaintiff to prove consideration. [DE-1 ¶¶ 21–30, 33–37 (fraud and unfair-and-deceptive-trade-practices claims)]

6